**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**PETER L. GRIECO,**

                        **Plaintiff,**

**v.**

                                                    **12-CV-0429S(Sr)**

**BRIAN FISCHER,**
**LESTER WRIGHT,**
**CARL KOENINGSMANN,**
**ROBERT SCHATTINGER, and**
**TIMOTHY GORNY,**

                        **Defendants**

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M.

Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report upon dispositive motions. Dkt. #10.

Currently before the Court is defendants'[1] motion to dismiss pursuant to

Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure. Dkt. #7. For the following

reasons, it is recommended that defendants' motion be granted in part and denied in

part.

---

[1] Although the notice of motion (Dkt. #7), states that the motion is brought by
defendants Fischer, Wright, Koeningsmann and Gorny, the defendants' memorandum of law
(Dkt. #8), argues dismissal on behalf of all defendants. Accordingly, the Court will include
defendant Schattinger in the motion to dismiss.

## BACKGROUND

Plaintiff commenced this action, *pro se*, alleging that employees of the New York State Department of Corrections & Community Supervision ("NYSDOCCS"), failed to provide him with a nutritionally adequate diabetic diet and that, as a result, his glucose levels are not controlled, causing incipient sensory/motor polyneuropathy and placing him at risk from other medical complications. Dkt. #1. Specifically, plaintiff complains that the "Control B Diet," which is offered to any inmate unable to eat the regular diet, is not specifically tailored to the nutritional needs of inmates with diabetes and contains insufficient food choices appropriate for individuals with diabetes. Dkt. #1. Plaintiff further alleges that in attempting to control his glucose levels, he has been forced to forgo calories from inappropriate food choices such as starches, which predominate the menu, causing his weight to drop from 171 to 145 pounds. Dkt. #1. Plaintiff seeks monetary damages, as well as injunctive relief directing NYSDOCCS to provide a medically adequate diet to inmates on the Control B Diet. Dkt. #1.

## DISCUSSION AND ANALYSIS

**Eleventh Amendment Immunity**

Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claims against the defendants in their official capacities. Dkt. #8, p.9.

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the district court lacks the

statutory or constitutional power to adjudicate it.  *Markarova v. United States*, 201 F.3d

110, 113 (2d Cir. 2000).  To defeat a motion to dismiss pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure, the plaintiff bears the burden of proving subject matter

jurisdiction by a preponderance of the evidence.  *Id.*

"It is well-established that the Eleventh Amendment bars any suit in

federal court against a state or its agencies for either money damages or injunctive

relief absent the state's consent or Congress' abrogation of the state's sovereign

immunity."  *Gollomp v. Spitzer*, No. 06-CV-802, 2007 WL 433361, at *3, (N.D.N.Y. Feb.

5, 2007), *aff'd* 568 F.3d 355, 365–66 (2d Cir.2009).  "The immunity recognized by the

Eleventh Amendment extends beyond the states themselves to state agents and state

instrumentalities that are, effectively, arms of a state."  *Woods v. Roundout Valley*

*Central School Dist. Bd of Educ.,* 466 F.3d 232, 236 (2d Cir. 2006).  Thus, the Eleventh

Amendment "bars claims for money damages against state officials acting in their

official capacities."  *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985).  However, suits

against state officials in their official capacities for prospective injunctive relief to stop

ongoing violations of federal law are permitted. *Henrietta D. v. Bloomberg*, 331 F.3d

261, 287 (2d Cir.2003), *citing Ex parte Young*, 209 U.S. 123, 155–56 (1908) *and Green*

*v. Mansour*, 474 U.S. 64, 68 (1985).  Thus, plaintiff's claims against the defendants in

their official capacities are not barred by the Eleventh Amendment insofar as his

complaint seeks to enjoin NYSDOCCS' officials from continuing to deprive him of a

nutritionally adequate diet compatible with his medical needs.

**Sufficiency of Eighth Amendment Claim**

Defendants argue that plaintiff's allegations demonstrate that he has received adequate medical care for his diabetes, noting that medical records attached to plaintiff's complaint reveal that he received 209 finger-sticks to monitor his glucose levels between June 25, 2010 and December 30, 2011, approximately one every other day, and that plaintiff acknowledges that medical personnel informed plaintiff how to manage his diabetes, including through dietary choices, and that he was able to manage his blood sugar do by controlling his diet and losing weight. Dkt. #8, pp.2-3. Defendants argue that plaintiff "disagrees with various food choices offered through a medically established, traditional diabetes diet," and that he is asking the Court to order NYSDOCCS to provide him with "a diet especially tailored to his desires." Dkt. #8, pp.2 & 13.

Plaintiff responds that his diabetes is not adequately controlled, despite his best efforts to choose wisely from the menu offered, because the diet offered to him is inadequate for an individual with diabetes. Dkt. #13. Specifically, plaintiff argues that self-regulating his consumption of starches causes him to eat insufficient calories, resulting in a spike in insulin and risk of malnutrition. Dkt. #13. Plaintiff states that his "request is simple – that the 'Catch-all' special diet now being provided inmates suffering from diabetes be modified by lowering the amount of carbohydrates and replac[ing carbohydrates] with more meats, and 'fresh' fruit and vegetables." Dkt. #14, p.3.

Dismissal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
claim has facial plausibility when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task
that requires the reviewing court to draw on its judicial experience and common sense."
*Id.* at 679. Where, as here, the plaintiff is appearing *pro se*, the Court must construe
the complaint liberally and draw the most favorable inferences that the complaint
supports, but may not invent factual allegations that have not been pled. *Chavis v.
Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its
consideration "to facts stated on the face of the complaint or incorporated in the
complaint by reference, and to matters of which judicial notice may be taken." *Leonard
F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v.
Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on
the terms and effect of a document in drafting the complaint and that document is thus
integral to the complaint," the district court may consider the contents of the document
"even if it is not formally incorporated by reference." *Broder v. Cablevision Systems
Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting
Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

<u>Nutritionally Adequate Food</u>

"Although the Constitution does not require that sentenced prisoners receive every amenity which one might find desirable, the Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 16 (2d Cir. 1983) (internal quotations and citations omitted); *See Johnson v. Harris*, 479 F. Supp. 333, 337 (S.D.N.Y. 1979) (constitution does not permit prison officials to force upon plaintiff choice between jeopardizing his health by eating, or suffering the punishment of being shown food that he cannot eat).

In the instant case, plaintiff has alleged both that the Control B diet is not medically appropriate for individuals with diabetes and that the Control B diet poses an immediate danger to his health and well being because the food offered is so full of starches as to leave plaintiff with the choice of either eating insufficient calories or eating foods which elevate his blood sugar. This is sufficient to state a plausible Eighth Amendment claim.

<u>Personal Involvement</u>

Defendants argue that because plaintiff has failed to allege "that these defendants forced him to eat starch or, for that manner, knew what was provided on a daily basis or had the ability to dictate what foods should or should not be provided on any given day," plaintiff has not alleged personal involvement. Dkt. #8, p.15. Commissioner Fischer also argues that plaintiff's allegation that he addressed a letter of

complaint to him, to which he did not respond, is insufficient to allege personal involvement.  Dkt. #8, p.15.

Plaintiff responds that defendants are responsible for the food choices offered to diabetic inmates such as himself, and have refused his specific requests to afford diabetic inmates alternative food choices in place of starches.  Dkt. #13.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 556 U.S. at 676.  Thus, it is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983.  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060,1065 (2d Cir. 1989). Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873.

In the instant case, plaintiff has alleged specific communications between himself and defendants Wright, Koeningsmann, Schattinger and Gorny regarding the adequacy of the Control B diet for successful management of plaintiff's blood sugar. Dkt. #1. In addition, plaintiff has alleged that as Chief Medical Officer, defendants Wright and, thereafter, Koeningsmann, were in a position to promulgate a policy to adequately address the nutritional needs of diabetic inmates such as plaintiff, but refused to tailor the Control B diet to meet those needs. Dkt. #1. Moreover, plaintiff has alleged that defendant Schattinger, as Director of Nutritional Services, responded to plaintiff's complaints about the Control B diet by denying that it was excessive in starch and advising plaintiff to regulate his consumption of starches. Dkt. #1. Finally, plaintiff alleges that defendant Gorny, a Registered Dietician, responded to plaintiff's requests for food options in place of starches by advising plaintiff's physician that the Control B diet could not be altered to accommodate the needs of diabetics such as plaintiff. Dkt. #1. This is sufficient, at this stage of the proceedings, to demonstrate the personal involvement of these defendants.

With respect to defendant Fischer, however, the Court finds plaintiff's allegations that he copied Commissioner Fischer on letters of complaint about his diet and that Commissioner Fischer directed Deputy Commissioner Wright and, subsequently, Deputy Commissioner Koeningsmann to respond to plaintiff's letters, insufficient to establish personal involvement. Generally, "the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Ward v. LeClaire*, No. 07-CV-6145, 2008 WL 3851831, at *3 (W.D.N.Y.

Aug. 14, 2008) (collecting cases). "[T]o allow a mere letter to an official to impose supervisory liability would permit an inmate to place liability on individuals who had no authority over the situation complained of merely by sending letters. *Johnson v. Wright*, 234 F. Supp.2d 352, 363 (S.D.N.Y. 2002); *see Walker v. Pataro*, No. 99CIV.4607, 2002 WL 664040, at *12 (S.D.N.Y. April 23, 2002) ("if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose *respondeat superior* liability."). Accordingly, it is recommended that defendant Fischer's motion to dismiss for lack of personal involvement be granted.

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motion to dismiss be granted as to defendant Fischer and as to the remaining defendants in their official capacities except to the extent that plaintiff seeks to enjoin NYSDOCCS' officials from continuing to deprive him of a nutritionally adequate diet compatible with his medical needs, and that defendants' motion to dismiss be denied with respect to defendants Wright, Koeningsmann, Schattinger, and Gorny in their individual capacities.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report,

Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:     Buffalo, New York
               July 16, 2013

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**