**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**PETER L. GRIECO,**

                **Plaintiff,**

v.                                                                                          12-CV-0429S(Sr)

**BRIAN FISCHER,**
**LESTER WRIGHT,**
**CARL KOENINGSMANN,**
**ROBERT SCHATTINGER, and**
**TIMOTHY GORNY,**

                **Defendants**

---

## DECISION AND ORDER

        Plaintiff commenced this action, *pro se*, alleging that employees of the New York State Department of Corrections & Community Supervision ("NYSDOCCS"), failed to provide him with a nutritionally adequate diabetic diet and that, as a result, his glucose levels are not controlled, causing incipient sensory/motor polyneuropathy and placing him at risk from other medical complications.  Dkt. #1.  Specifically, plaintiff complains that the "Control B Diet," which is offered to any inmate unable to eat the regular diet, is not specifically tailored to the nutritional needs of inmates with diabetes and contains insufficient food choices appropriate for individuals with diabetes.  Dkt. #1.

        Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #21.  In support of his motion, plaintiff argues that the denial of defendants' motion to dismiss the complaint demonstrates that his claim has merit; he has a limited

understanding of the substantive law applicable to his claim; lacks access to medical experts which will be necessary to support his claim; has limited access to the law library; and has been unsuccessful in retaining counsel. Dkt. #21, p.3.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono*

resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages and discovery is in process, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has demonstrated a capacity to communicate the factual basis of his claims to the Court. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED: Buffalo, New York
May 22, 2014

   *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**